ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CAPITAL MANAGEMENT GROUP, LLC COMO AGENTE DE JEFFERSON CAPITAL SYSTEMS LLC<br><br>Demandante-Peticionaria<br><br>V.<br><br>IRIS G. VEGA HERNÁNDEZ<br><br>Demandada-Recurrida | KLCE202400201 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Patillas<br><br>Caso Núm. PA2023CV00273 (Sala 306)<br><br>Sobre: Cobro de Dinero Regla 60 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Comparece la parte demandante-peticionaria Capital Management Group, LLC, mediante un recurso de *Certiorari* y nos solicita que revisemos la *Orden* emitida y notificada el 9 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Municipal de Patillas (en adelante, TPI). Mediante este dictamen, el TPI le impuso una sanción de $100.00 a la parte demandante-peticionaria y le ordenó a cumplir con la *Resolución y Orden Conversión y Emplazamiento* emitida y notificada el 11 de enero de 2024.

Por los fundamentos que expondremos, se deniega la expedición del presente recurso de *Certiorari.*

### I

El 28 de noviembre de 2023, la parte demandante-peticionaria presentó una *Demanda* sobre cobro de dinero en contra de la Sra. Iris Vega Hernández (en adelante, Sra. Vega Hernández) bajo la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60.[1] La demanda

---

[1] Apéndice del *Certiorari*, págs. 2-3.

Número Identificador

RES2024_____

se acompañó con un proyecto de *Notificación y Citación sobre Cobro de Dinero* dirigido a la Sra. Vega Hernández para ser expedido por la Secretaria del tribunal, entre otros documentos.[2]

Luego de varios trámites procesales, el 11 de enero de 2024, se celebró la *Vista de Regla 60*. A esta vista únicamente compareció la parte demandante-peticionaria representada por su abogada la Lcda. Gyndrishka Camacho Figueroa.[3] Finalizada la vista, el TPI emitió y notificó una *Resolución y Orden Conversión y Emplazamiento* disponiendo y ordenando lo siguiente:

> "Citado el caso para el día de hoy, ha comparecido la parte demandante a través de su representación legal y la parte demandada no ha comparecido. De los autos se desprende que no fue diligenciada la *notificación-citación*. Ante ello, este Tribunal resuelve y ordena:
>
> Se ordena la conversión al proceso ordinario.
>
> **Parte demandante tiene hasta el 16 de enero de 2024** para presentar proyecto de emplazamiento personal.
>
> **Parte demandante tiene hasta el 1 de febrero de 2024** para informar gestiones específicas para emplazar personalmente a la parte demandada." (énfasis en el original).[4]

En esa misma fecha, la parte demandante-peticionaria presentó una *Moción en Cumplimiento de Orden*[5] acompañada de un proyecto de emplazamiento dirigido a la Sra. Vega Hernández para ser expedido por la Secretaria del tribunal.[6] La parte demandante-peticionaria expresó en su moción que, "en cumplimiento con la [o]rden de este Foro, anejamos al presente escrito el Proyecto de Emplazamiento para que sea expedido por este Ilustrado Tribunal".

---

[2] Este proyecto de *Notificación y Citación sobre Cobro de Dinero* fue expedido por la Secretaria del tribunal el 4 de diciembre de 2023. Véase, la entrada Núm. 2 del expediente digital del Caso Núm. PA2023CV00273 en el Sistema Unificado de Manejo y Administración de Casos.

[3] Véase, la entrada Núm. 12 del expediente digital del Caso Núm. PA2023CV00273 en el SUMAC.

[4] Apéndice del *Certiorari*, págs. 4.

[5] Véase, la entrada Núm. 8 del expediente digital del Caso Núm. PA2023CV00273 en el SUMAC.

[6] El emplazamiento fue expedido por la Secretaria del Tribunal ese mismo día. Véase, las entradas Núm. 9 y 10 del expediente digital del Caso Núm. PA2023CV00273 en el SUMAC.

El 9 de febrero de 2024, el TPI emitió y notificó la *Orden recurrida*, en la cual dispuso lo siguiente:

> "Examinados los autos, la parte demandante no ha cumplido con lo ordenado el pasado 11 de enero de 2024. Se le sanciona en **$100.00 dólares.**
>
> Tiene hasta el **16 de febrero de 2024** para cumplir con la sanción y lo ordenado." (énfasis en el original).[7]

En esa misma fecha, la parte demandante-peticionaria presentó una *Moción en Reconsideración de Sanción.*[8] En lo pertinente, la parte demandante-peticionaria indicó lo siguiente:

> 15. Que la parte aquí compareciente **cumplió parcialmente** con la Resolución y Orden emitida el 11 de enero de 2024, al presentar el Proyecto de Emplazamiento.
>
> 16. No obstante, y **debido a un error en nuestra agenda, no cumplimos en su totalidad con dicha orden.**
>
> 17. En específico, la parte aqu[í] compareciente calendarizó las fechas para el 16 de enero y **16 de febrero, para presentar el Proyecto de Emplazamiento e informar las gestiones específicas, respectivamente.**
>
> 18. Sin embargo, al recibir la sanción, revisamos la Orden emitida **y nos percatamos de la razón por la cual, no cumplimos con la orden en su totalidad.**[9] (énfasis suplido).

Finalmente, el 13 de febrero de 2024, el TPI emitió y notificó *Resolución NHL Reconsideración*, en la cual dispuso lo siguiente:

---

[7] Apéndice del *Certiorari*, pág. 1.

[8] Apéndice del *Certiorari*, págs.6-7.

[9] Apéndice del *Certiorari*, pág. 7. La parte demandante-peticionaria aprovechó para informar las gestiones que se habían realizado para emplazar a las Sra. Vega Hernández. Además, solicitó que se dejará sin efecto la sanción impuesta. En específico, expresó lo siguiente:

> 19. Ante ello, nos comunicamos inmediatamente con New Era, nuestros emplazadores, para validar las gestiones realizadas, hasta el día de hoy.
>
> 20. Se nos informó que se visitó la direcci[ó]n de la parte demandada en el Bo Los Pollas, pero no se encontró a la parte demandada.
>
> 21. Razón por la cual, se validó en la base de datos del DTOP y se obtuvo una nueva dirección de la parte demandada.
>
> 22. El Sr. Humberto Meléndez Medina (emplazador), nos informó que se personará en la próxima semana en la nueva direcci[ó]n, de la región de Patillas.
>
> 23. Ante ello, muy respetuosamente le solicitamos a este Honorable Tribunal que tome conocimiento de lo antes expuesto, de por cumplida su Orden y libere al abogado suscribiente de la sanción impuesta." *Íd.*

> "Examinada la moción, los argumentos que le acompañan y no existiendo justa causa para el incumplimiento de lo ordenado, este Tribunal resuelve:
>
> **NO HA LUGAR** la reconsideración. Cumpla con lo ordenado: Insistimos, este tribunal permitirá que se entretengan los casos."[10] (énfasis en el original).

Inconforme con la determinación del TPI, la parte demandante-peticionaria acudió ante nos el 16 de febrero de 2024 mediante el presente recurso de *Certiorari*, en el cual señala la comisión por el TPI del error siguiente:

> Erró el Honorable Tribunal de Primera Instancia al imponer sanción a la parte aquí demandante-peticionaria por no informar las gestiones realizadas para emplazar a la demandada, sin haber transcurrido el término de ciento veinte (120) días concedidos por la Regla 4.3 (c) de Procedimiento Civil.

Examinado el presente recurso, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme lo autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5).

## II

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

---

[10] Apéndice del *Certiorari*, pág. 8.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd*. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd*.

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más

indicada para el análisis del problema.

(C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia". Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

La precitada regla mandata que, como foro apelativo, evaluemos si alguna de las instancias enumeradas anteriormente es de aplicación a la petición de *certiorari*. De alguna estar presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. Por el contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que dicho foro incurrió en un abuso de discreción, y que nuestra intervención evitaría un perjuicio sustancial. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En todo caso, el criterio rector al momento de evaluar si un tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia. *Id.,* págs. 434-435.

**B.**

La discreción judicial se refiere al margen de libertad que tienen los jueces para tomar decisiones basadas en su conocimiento, experiencia, y en la interpretación de las leyes. Es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, supra; *IG Builders et al. v. BBVAPR*, supra, pág. 338.

La discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *SLG Zapata-Rivera v. J.F. Montalvo*, supra. En otras palabras, la discreción no opera en un vacío y su ejercicio se encuentra estrechamente relacionado con el concepto de razonabilidad. *VS PR, LLC v. Drift-Wind*, 207 DPR 253 (2021).

Se ha señalado que la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia. *BPPR v. Gómez Alayón*, 2023 TSPR 145, 213 DRP ___ (2023); *Citibank et al. v. ACBI et al.*, supra; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. Gómez Alayón*, supra; *VS PR, LLC v. Drift-Wind*, supra, pág. 273; *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al.*, supra.

Específicamente, se ha señalado que la discreción ha de ceder en las circunstancias en las que se configura: un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma

procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. Gómez Alayón*, supra; *Cruz Flores et al. v. Hospital Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Por último, se han delimitado las instancias en las que un tribunal abusa de su discreción de la siguiente manera:

> "C]uando no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; Cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o cuando, [...] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente". *BPPR v. Gómez Alayón*, supra; *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

## C.

En virtud de las Reglas de Procedimiento Civil, los tribunales están facultados para imponer sanciones por el incumplimiento con sus órdenes. En particular, la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a), dispone lo siguiente:

> "(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término."

De la citada disposición surge que una vez se plantea ante el Tribunal de Instancia una situación que amerite la imposición de sanciones, este debe primeramente amonestar al abogado de la parte. Si la acción disciplinaria no produce frutos positivos, procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222 (2001).

**III**

En su recurso de *Certiorari*, la parte demandante-peticionaria señala que erró el TPI "al imponer sanción a la parte aquí demandante-peticionaria por no informar las gestiones realizadas para emplazar a la demandada, sin haber transcurrido el término de ciento veinte (120) días concedidos por la Regla 4.3 (c) de Procedimiento Civil".

Del trámite procesal del presente caso surge que, llegado el 11 de enero de 2024, fecha señalada para la *Vista de Regla 60*, no se había diligenciado la notificación-citación dirigida a la parte demandada-recurrida.[11] Esta había sido expedida por la Secretaria del tribunal desde el 4 de diciembre de 2023. Ante esta situación, el TPI emitió una resolución y orden al finalizar la vista disponiendo que el caso se continuaría tramitando bajo el procedimiento ordinario. Además, le concedió a la parte demandante-peticionaria hasta el 16 de enero de 2024 para presentar un proyecto de emplazamiento y hasta el 1 de febrero de 2024 para informar las gestiones específicas que había llevado a cabo para emplazar.

---

[11] En las reclamaciones bajo la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, la parte demandante es responsable de diligenciar la notificación-citación dirigida a la parte demandada dentro de un plazo de diez (10) días de presentada la demanda.

En esa misma fecha, la parte demandante-peticionaria cumplió con presentar el proyecto de emplazamiento. Sin embargo, pasado el término concedido para informar las gestiones realizadas para emplazar, el TPI emitió el 9 de febrero de 2024 la orden recurrida imponiéndole una sanción económica de $100.00 a la parte demandante-peticionaria y ordenándole nuevamente a cumplir con la totalidad de lo ordenado en el dictamen emitido el 11 de enero de 2024. La parte demandante-peticionaria presentó una moción de reconsideración, la cual fue declarada No Ha Lugar por el TPI. En su moción, la parte demandante-peticionaria alegó que su incumplimiento se debió a un error en su agenda; informó las gestiones realizadas para emplazar; y solicitó que se dejara sin efecto la sanción impuesta.

Evaluado el presente recurso de *certiorari* a la luz de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, determinamos que no procede su expedición. La imposición de una sanción es una determinación que recae en la discreción del TPI como parte del manejo del caso ante su consideración. Conforme al derecho expuesto, la discreción que cobija al foro primario es amplia, por lo que decisiones de esta naturaleza merecen gran deferencia.  Como foro apelativo, no debemos intervenir con las determinaciones discrecionales del TPI, salvo quedara establecido que haya mediado prejuicio, parcialidad, craso abuso de discreción o error en la aplicación de una norma procesal o de derecho sustantivo por parte de dicho foro y cuando nueva intervención evite un perjuicio sustancial.

En el presente caso, ante la ausencia de lo anterior, no se justifica nuestra intervención con la decisión recurrida. A nuestro juicio, el Tribunal de Primera Instancia actuó dentro de los parámetros de su discreción y enmarcado en el criterio de la razonabilidad al imponerle una sanción de $100.00 a la parte

demandante-peticionaria    ante    su    falta    de    diligencia    e
incumplimiento con las órdenes del tribunal.

**IV**

Por los fundamentos expuestos, se deniega la expedición del
presente recurso de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal
de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones